IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

TAG EDWARD ALTHOF,

        Plaintiff,        6:10-cv-03060-AA

        v.        ORDER

SHERIFF JOHN HINLAN, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights during the time he was an inmate in the Douglas County Jail from December 2007 until February 2009. Specifically, plaintiff alleges that defendants denied him outdoor recreation in violation of his Eighth Amendment rights during the time he was in Administrative Segregation. Plaintiff also

1 - ORDER

alleges supplemental state law claims for intentional infliction of emotional distress and negligence.

Defendants now move for Summary Judgment and Judgment on the Pleadings (#49). Plaintiff has filed five affidavits [documents #90 - #95] which are apparently intended as plaintiff's response to defendants' motion.

The facts concerning plaintiff's incarceration are set forth in defendants' Memorandum (#50) and need not repeated in detail.  In a nutshell, plaintiff had disciplinary issues while housed in the jail's general population and was placed in Administrative Segregation after he assaulted another inmate. Administrative Segregation results in the loss of various privileges that are afforded to the general jail population.

Plaintiff's status of being confined in Administrative Segregation was evaluated weekly by a staff Sergeant, with his privileges extended when his behavior improved and curtailed when his behavior deteriorated.  While in Administrative Segregation plaintiff lost some of his privileges at various times for insolence, possession of contraband, refusing orders and fighting.  During those times, he had no privileges and was not allowed recreation out of his cell. Defendants' Memorandum (#50) p. 3.

While in Administrative Segregation plaintiff was allowed

2 - ORDER

out of his cell daily to shower, had access to a phone and was allowed to use the law library. On least four occasions, plaintiff was offered recreation outside his cell and refused the offer. Id.

Plaintiff alleges as his first cause of action that his "Eight Amendment right to be free from cruel and unusual punishment" was "violated where defendants intentionally and/or with deliberate indifference locked down plaintiff for over a year in a small jail cell, approximately 9 foot by 6 foot, with only one instance of providing plaintiff access to fresh air." Complaint (#2) p. 1.

Plaintiff's claim is properly analyzed under the Eighth Amendment for the time when he was serving a sentence pursuant to a conviction, and under the Fourteenth Amendment for the time he was a pre-trial detainee. Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) However, the applicable standards are essentially the same under both the Eighth and Fourteenth Amendments. Id.

Whether plaintiff's claim is analyzed under the Eighth or Fourteenth Amendment, in order to prevail, he must establish that (1) the condition complained of is sufficiently serious to implicate constitutional protection, and (2) prison officials acted with "deliberate indifference to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

3 - ORDER

Defendants contend that they are entitled to summary judgment on plaintiff's §1983 claim because "much of it is barred by the statute of limitations." Defendants' Memorandum (#50) p. 2. Defendants further argue that they are entitled to summary judgment on that part of plaintiff's §1983 claim that is not time barred on the basis of qualified immunity. Id.

Oregon's two year statute of limitations applies to plaintiff's §1983 claim. Plaintiff filed this action on July 7, 2010. Therefore, defendants are entitled to judgment as a matter of law as to any claim based on facts alleged to have occurred before July 7, 2008.

To the extent plaintiff § 1983 claim is not barred by the statute of limitations, I find as follows.

Respondeat superior is not a proper basis for liability under § 1983. Monell v. Dep't of Social Servicews, 436 U.S. 658, 691-694 (1978). Liability under § 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be held liable for the conduct of his subordinates only if he was directly and personally involved in the unconstitutional conduct. Larez v. City of Los Angeles, 946 F.2d 630, 645-46 (9th Cir. 1991); Jackson v. City of Bremerton, 268 F.2d 646, 653 (9th Cir. 2001).

4 - ORDER

Defendant Hanlin is entitled to summary judgment as to plaintiff's §1983 claim because it is undisputed that he was not involved in the decision making regarding plaintiff's opportunities for outdoor recreation. Hanlin Declaration (#51) paragraph 3.

Defendants contend that defendants O'Kelly, Goodknight and Root are entitled to summary judgment on the basis of qualified immunity.

Qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In deciding whether a defendant is entitled to qualified immunity against a § 1983 claim, the court must first decide whether the facts that the plaintiff has alleged or proven establish the violation of a constitutional right. If they do not, then the defendant is entitled to qualified immunity. Secondly, the court must decide whether the right at issue was clearly established at the time of the defendant's conduct. If it was not, the defendant is entitled to qualified immunity. Pearson v. Callahan, 555 U.S. 223 (2009); Saucier v. Katz, 533 U.S. 194, 200-01 (2001).

In this case, the facts viewed in a light most favorable

to plaintiff establish that between July 7, 2008 and January 5, 2009, he did not receive outdoor recreation. However, for 51 days during this time period, plaintiff had his privileges revoked for assaulting another inmate, then stealing a pen and lying about it. Where an inmates loss of exercise privileges is directly linked to his own misconduct, there is no constitutional violation. LeMarie v. Mass, 12 F.3d 1444, 1458 (9th Cir. 1993). Therefore, the question becomes whether the denial of outdoor exercise for the 131 days for which he had privileges constitutes a sufficiently serious deprivation to implicate constitutional protection.[1]

The temporary denial of outdoor exercise with no medical effects does not constitute a substantial deprivation. May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (21 days insufficient); compare, Toussaint v. Yocky, 722 F.2d 1490, 1493 (9th Cir. 1984) (denial of outdoor exercise to inmates assigned to administrative segregation for over one year raised "substantial constitutional questions").

Assuming arguendo that the 131 day deprivation of outdoor exercise under the circumstances of in this case was sufficiently serious to implicate constitutional, I find that

---

[1] The record reflects that during those 131 days, plaintiff was seen by medical staff on a daily basis, was out of his cell t shower and use the phone room, and was out of his cell to prepare for and attend his criminal trial.

it would not be clear to a reasonable person in defendants circumstances that their conduct would violate plaintiff's Eighth or Fourteenth Amendment rights. The record is clear that defendants closely monitored plaintiff and provided him with recreation opportunities as staffing permitted when his privileges were not revoked because of one of his violent outbursts or assaults. These facts controvert plaintiff's allegation that defendants were "deliberately indifferent to plaintiff's serious medical needs. Complaint (#2) p. 6.

Based on the foregoing, I find that defendants are entitled to judgment as a matter of law as to plaintiff's Eighth and Fourteenth Amendment claim.

Defendants argue that they are entitled to judgment on the pleadings on plaintiff's state law claims for intentional infliction of emotional distress and negligence because they are barred under ORS 30.650 since he did not suffer economic damages. In the alternative, defendants contend that they are entitled to summary judgment on plaintiff's state law claims because they are partially time barred and because the evidence is insufficient on those claims which are not time barred. Defendants' Memorandum (#50) p. 2.

ORS 30.650 prohibits inmates from recovering non-economic damages against a public body "unless the inmate has established that the inmate suffered economic damages, as

7 - ORDER

defined in ORS 31.710."

Plaintiff in this case did not plead economic damages. Because he has failed to plead that he suffered economic damages as defined by ORS 31.710, defendants are entitled to judgment on the pleadings. See, Voth v. State, 190 Or. App. 154, 156, 78 P.3d 565 (2003) (affirming dismissal of inmate claims for negligence and intentional infliction of emotional distress based on ORS 30.650).

In addition, as discussed above, to the extent that plaintiff's supplemental claims are based on facts alleged to have occurred prior to July 7, 2008, they are barred by the statute of limitations.

Moreover, in order to prove a claim for Intentional Infliction of Emotional Distress, plaintiff must prove (1) defendants intended to inflict emotional distress or knew that their actions would likely cause severe emotional distress; (2) that plaintiff suffered severe emotional distress; and (3) that defendants conduct amounted to an extraordinary transgression of socially tolerable behavior. McGanty v. Staudenrus, 321 Or. 532, 543, 901 P.2d 841 (1995).

Plaintiff has not produced any evidence that defendants intended to cause him sever emotional distress or controverted defendant's evidence that his administrative segregation was intended to keep plaintiff safe from other inmates and to keep

other inmates, jail staff and medical personnel safe from plaintiff repeated assaults. *See*, Root Declaration (#55) paragraph 17.

The record reflects that plaintiff had previously turned down opportunities to participate in outdoor recreation, that his privileges were at times revoked for rule violations and misconduct, and that his disruptive conduct and violent behavior made it difficult to supervise him. Under these circumstances I find that defendants' failure to provide him with outdoor recreation between July 7, 2008 and January 5, 2009, amounted to an extraordinary transgression of socially tolerably conduct.

Plaintiff's negligence claim also fails as a factual matter. To prevail, plaintiff must establish that there was a foreseeable risk of physical harm to plaintiff from keeping him segregated and limiting his recreation opportunities and that defendants failed to take reasonable action to protect him against that risk. <u>Fazzolari v. Portland School Dist. No. IJ</u>, 303 Or. 1, 17, 734 P.2d 1326 (1987).

The record is clear that defendants provided plaintiff with reasonable exercise and recreation opportunities under the circumstances, and monitored his medical status. Jail staff had a competing duty to exercise reasonable care to prevent plaintiff from causing bodily harm to others. *See*,

9 - ORDER

Buchler v. Oregon Corrections Division, 316 Or. 499, 506, 853 P.2d 798 (1993).

Based on all of the foregoing, defendants' Motion for Summary Judgment and for Judgment on the pleadings (#49) is allowed. This proceeding is dismissed.

***For purposes of either continuing or revoking plaintiff's in forma pauperis status, I find that any appeal of this order would be frivolous and not taken in good faith.***

IT IS SO ORDERED
DATED this 9th day of March, 2012.

_____
Ann Aiken
United States District Judge

10 - ORDER